IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PHILLIP A. GALAVIZ,

    Petitioner,

      v.

                          CIVIL ACTION FILE
                          NO. 1:07-CV-671-TWT

MICHAEL ZENK
Warden Federal Bureau of Prisons,

    Respondent.

OPINION AND ORDER

      This is a pro se habeas corpus action.  The Petitioner is a prisoner in federal custody at the Atlanta Prison Camp.  He seeks an order requiring the Bureau of Prisons to consider him immediately for designation to a Community Confinement Center.  The case is before the Court on the Report and Recommendation [Doc. 5] of the Magistrate Judge recommending granting the Petition.  The Magistrate Judge reached the merits of the Petitioner's claim; that is, the validity of the BOP regulation limiting such a designation to the last ten percent of his sentence.  There is a plethora of circuit and district court cases addressing this issue.  The case law is nicely summarized in the thorough and well written Report and Recommendation of Magistrate Judge Scofield.  No useful purpose will be served by me writing another

lengthy opinion on the subject.  It is enough to say that I disagree with Judge Scofield on the preliminary issue of whether the Petitioner's claim is barred by the failure to exhaust administrative remedies.  There is no Eleventh Circuit case precisely on point. But I believe that the Eleventh Circuit case law in close proximity weighs heavily in favor of requiring exhaustion of administrative remedies and that there is  no futility exception.  See Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); Irwin v. Hawk, 40 F.3d 347, 349 n.2 (11th Cir. 1994); Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir.1998).  Even if a futility exception could be engrafted onto the exhaustion requirement, the Petitioner does not explain why administrative exhaustion is necessarily futile merely because the BOP has promulgated a regulation.  Requiring administrative exhaustion permits further agency review and decision-making before the courts' involvement.  If the existence of an established policy automatically rendered administrative exhaustion futile, however, all cases in which a prisoner seeks a credit to his or her sentence (and the many other cases where the BOP has a policy or regulation) would be exempted from the exhaustion requirement, thereby flooding the courts with prisoner cases and destroying the whole purpose of administrative exhaustion. If the Petitioner had exhausted his administrative remedies, the BOP may have decided during the grievance process that he is unsuitable for CCC  placement for reasons independent of (or in addition to) the challenged BOP's regulations.  For

these reasons, I decline to adopt the Report and Recommendation.  It is undisputed that the Petitioner failed to exhaust his administrative remedies.  Therefore, this action is DISMISSED without prejudice.

SO ORDERED, this 20 day of August, 2007.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge